UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JUANA P. COMBS,                                               Case No. 20-44989

    Debtor.                                                   Chapter 7

_____/                           Judge Thomas J. Tucker

K. JIN LIM, TRUSTEE,

    Plaintiff,

v.                                                            Adv. No. 20-4358

WAYNE K. COMBS, *pro se*,

and

JANICE Y. COMBS, *pro se*,

    Defendants.

_____/

## OPINION AND ORDER DENYING THE DEFENDANTS' AND THE DEBTOR'S MOTIONS FOR STAY PENDING APPEAL

## I. Introduction

On March 9, 2021, the Court entered a final order in this adversary proceeding, which (1)

denied the Defendants' motion to dismiss this adversary proceeding; and (2) granted the

Plaintiff's motion for partial summary judgment (Docket # 45, the "March 9 Order"). On March

12, 2021, the Debtor and the Defendants filed a notice of appeal of the March 9 Order (Docket

# 46). On May 19, 2021, the United States District Court dismissed the appeal (see copy of

district court order at Docket # 60, the "District Court Dismissal Order"). The Defendants filed

a motion in the district court for reconsideration, but the district court denied that motion, on

June 30, 2021. The Defendants appealed both of the district court's orders, and their appeal is

now pending in the United States Court of Appeals for the Sixth Circuit (Sixth Circuit Case No.

21-1537).

Now this adversary proceeding is before this Court on two motions: (1) the Defendants'

motion for a stay of the March 9 Order pending appeal, filed on July 16, 2021 (Docket # 61); and

(2) the Debtor's motion for a stay of the March 9 Order pending appeal, also filed on July 16,

2021 (Docket # 64) (collectively, the "Stay Motions").[1] The Court has reviewed the Stay

Motions and concludes that a hearing is not necessary, and that the Stay Motions should be

denied, for the reasons stated in this Opinion.

## II. Discussion

### A. The relevant factors

As an initial matter, it is not clear that the Stay Motions have been filed in the correct

court. The Defendants' appeal to the district court has concluded. What the Stay Motions now

seek, in substance, is a stay pending the Defendants' appeal to the Court of Appeals. As a result,

it may be that a motion for stay pending that appeal is properly brought first in the district court,

rather than this Court. But for purposes of deciding the Stay Motions, this Court will assume

that the Stay Motions are properly filed in this Court.

As such, each of the Stay Motions is governed by Fed. R. Bankr. P. 8007, which states, in

pertinent part:

**(a) Initial Motion in the Bankruptcy Court**

**(1) In general**

---

[1] The Debtor is not a party in this adversary proceeding.

Ordinarily, a party must move first in the bankruptcy court for the following relief:

> (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal;

. . .

**(b) Motion in the district court, the BAP, or the Court of Appeals on direct appeal**

**(1) Request for relief**

A motion for the relief specified in subdivision (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—may be made in the court where the appeal is pending.

**(2) Showing or statement required**

The motion must:

(A) show that moving first in the bankruptcy court would be impracticable; or

(B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling.

**(3) Additional content**

The motion must also include:

(A) the reasons for granting the relief requested and the facts relied upon;

(B) affidavits or other sworn statements supporting facts subject to dispute; and

(C) relevant parts of the record.

**(4) Serving notice**

3

The movant must give reasonable notice of the motion to
all parties.

. . .

**(e) Continuation of proceedings in the bankruptcy court**

Despite Rule 7062 and subject to the authority of the district court,
BAP, or court of appeals, the bankruptcy court may:

> (1) suspend or order the continuation of other proceedings
> in the case; or

> (2) issue any other appropriate orders during the pendency
> of an appeal to protect the rights of all parties in interest.

The factors that courts must apply in determining whether to grant a motion for a stay

pending appeal were discussed at length in *Michigan Coalition of RadioActive Material Users,*

*Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991).  In *Griepentrog,* the Sixth Circuit

stated, in relevant part:

> In determining whether a stay should be granted under Fed.R.Civ.P.
> 8(a), we consider the same four factors that are traditionally
> considered in evaluating the granting of a preliminary injunction.
> These well-known factors are: (1) the likelihood that the party
> seeking the stay will prevail on the merits of the appeal; (2) the
> likelihood that the moving party will be irreparably harmed absent
> a stay; (3) the prospect that others will be harmed if the court grants
> the stay; and (4) the public interest in granting the stay. These
> factors are not prerequisites that must be met, but are interrelated
> considerations that must be balanced together.

> Although the factors to be considered are the same for both a
> preliminary injunction and a stay pending appeal, the balancing
> process is not identical due to the different procedural posture in
> which each judicial determination arises. Upon a motion for a
> preliminary injunction, the court must make a decision based upon
> "incomplete factual findings and legal research."  Even so, that
> decision is generally accorded a great deal of deference on appellate
> review and will only be disturbed if the court relied upon clearly

4

erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard.

Conversely, a motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.

To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; **the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."**

In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. In evaluating the degree of injury, it is important to remember that

> [t]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

5

In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical. In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again.

*Id.* (citations omitted) (emphasis added); *see also Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012)(*per curiam*); *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). The Defendants and the Debtor, as the moving parties, bear the burden of establishing by a preponderance of the evidence that they are entitled to the stay. *See Husted*, 698 F.3d at 343; *In re Holstine*, 458 B.R. 392, 394 (Bankr. E.D. Mich. 2011). And "a court's decision to [grant or] deny a [stay pending appeal] is highly discretionary." *Id.* (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997)).

**B. Consideration of the relevant factors**

The Court concludes that the Defendants and the Debtor have not satisfied their burden of establishing by a preponderance of the evidence that they are entitled to the stay, and that therefore, a stay pending appeal should not be granted. First, the Debtor's Stay Motion must be denied because the Debtor is not even a party to this adversary proceeding or to the pending appeal. Second, both Stay Motions must be denied based on this Court's review of the *Griepentrog* factors, as discussed below.

**1. Factor No. 1**

This Court certainly is not infallible. But the Court finds that there is zero probability that its March 9 Order will be reversed on appeal. The Court strongly believes that its decision was correct, for the reasons stated in the Court's detailed written opinion filed on March 9, 2021 (Docket # 44). And the Stay Motions do not raise any questions going to the merits, and do not

6

make any arguments as to why the Court's March 9, 2021 Order is incorrect.  Finally, as stated above, the district court has dismissed the Defendants' appeal, and the Stay Motions do not demonstrate that there is any probability of the Defendants persuading the court of appeals to reverse the district court's dismissal decision.

For these reasons, the first stay factor weighs strongly against granting a stay pending appeal.

The Court's conclusion about this first stay factor is alone fatal to the Stay Motions, under the Sixth Circuit's decision in *Griepentrog*, quoted above.  There, the Sixth Circuit held, among other things, that "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [opposing parties] if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'"  *Griepentrog*, 945 F.2d at 154 (citations omitted).  The Defendants and the Debtor have not made such a showing, so the Stay Motions must be denied for this reason alone.

### 2.  Factor No. 2

The second factor is "the likelihood that the moving party will be irreparably harmed absent a stay."  The Defendants' motion argues that "[a]bsent a Stay, the Defendant[s'] will suffer irreparable injury." (Docket # 61 at 1).  The Defendants appear to argue in support of this legal conclusion that, absent the stay, the Chapter 7 Trustee will be able to sell the home in which Defendants live, and which has been in the family for over 50 years, and the Defendants will be irreparably injured by this.  The Debtor's motion also argues that there will be irreparable injury if the Trustee sells the home at issue before the Sixth Circuit Court of Appeals rules on the Defendants' appeal of the Court's March 9 Order.  The Debtor argues:  "A Stay is appropriate

because selling of the home can not be replaced if the appeal overturns the decision." (Docket # 64 at ¶ 8.)

First, the Debtor herself has not shown that she will suffer any harm, let alone irreparable harm, particularly since the Debtor does not live in the home at issue and voluntarily transferred ownership of that home to the Defendants in 2012. The Debtor lacks standing to argue that the someone else — *i.e.*, the Defendants (her parents) — will suffer irreparable harm.

Second, as for the Defendants, it is not certain that they will suffer *irreparable* harm if a stay pending appeal is not granted. If a stay is not granted, the Trustee will have the continuing ability to sell the home, for the benefit of the Juana Combs bankruptcy estate and its creditors, but such a sale of the home will be necessary only if the Defendants are unable or unwilling to make an agreement with the Trustee to pay the Trustee the value of the equity in the home. So far there is no evidence that the Defendants have even tried to make such an agreement with the Trustee. Defendants may be able to obtain the funds to make such an agreement, for example, by taking out a mortgage loan on the home, with the consent and agreement of the Trustee. Or Defendants may be able to obtain the funds to make a settlement with the Trustee from other sources. In either case, it is not necessarily the case that the Trustee will actually have to sell the home, absent a stay pending appeal. So the *irreparable* harm that Defendants fear — *i.e.*, the sale of the home by the Trustee — is not inevitable if the Court denies a stay pending appeal.

But even if the Court assumes, for purposes of deciding the Stay Motions, that the Defendants will suffer irreparable harm absent a stay pending appeal, this factor, when considered in isolation, is not sufficient to permit the granting of a stay. That is because the Stay Motions raise no serious questions on the merits of the appeal, and the Court finds that there is

8

no likelihood of reversal of either this Court's March 9 Order or the District Court's Dismissal Order. Because of this, the "irreparable harm" factor cannot justify a stay pending appeal.

### 3. Factor Nos. 3 and 4

Finally, the third and fourth stay factors, namely, "the prospect that others will be harmed if the court grants the stay;" and "the public interest in granting the stay," both weigh against granting a stay pending appeal. The Court finds that the Plaintiff/Chapter 7 Trustee, on behalf of the Juana P. Combs bankruptcy estate, will be harmed if the Court grants a stay pending appeal. Such a stay would unduly further delay the Trustee in carrying out her duties to collect and liquidate property of the estate for the benefit of creditors. On the other hand, the Defendants have had an opportunity to have the district court consider the merits of this Court's March 9, 2021 Opinion and the March 9 Order, by filing an appeal, but they failed to properly prosecute that appeal and it was dismissed. Although there is an appeal pending before the Court of Appeals, this Court finds that there is zero likelihood that such appeal will be successful. The public interest favors allowing the Chapter 7 Trustee to perform her duties, and to so do as expeditiously as possible. *See* 11 U.S.C. § 704(a)(1) ("The trustee shall . . . collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest").

Thus, weighing of all of the relevant factors compels the conclusion that a stay pending appeal should not be granted. In the exercise of its discretion under Fed. R. Bankr. P. 8007, the Court will deny both of the Stay Motions.

## III. Conclusion and Order

For the reasons stated in this Opinion,

IT IS ORDERED that each of the Stay Motions (Docket ## 61, 64) is denied.

**Signed on July 26, 2021**



/s/ Thomas J. Tucker
_____

**Thomas J. Tucker**
**United States Bankruptcy Judge**